# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE CARACO PHARMACEUTICAL LABORATORIES, LTD. SECURITIES LITIGATION | Case No. 2:09-cv-12830-AJT-DAS |

---

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   HISTORY OF THE LITIGATION ..................................................................... 2

III.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ............... 3

      A.     The Standards for Preliminary Approval ................................................. 3

      B.     The Proposed Settlement Is Fair, Reasonable and Adequate ................................. 5

            1.     The Proposed Settlement Was Negotiated by Informed, Experienced Counsel Who Were Aware of the Risks of the Litigation ......................... 5

            2.     The Proposed Settlement Resulted from Arm's-Length Negotiations and Is Presumed to Be Fair to the Class ................................................ 6

            3.     The Plan of Allocation Is Also Reasonable ............................................... 7

      C.     The Proposed Forms and Method of Providing Notice to the Class Are Appropriate and Satisfy Fed. R. Civ. P. 23, the PSLRA, and Due Process ........... 9

IV.   PROPOSED SETTLEMENT SCHEDULE ...................................................... 11

V.    CONCLUSION .................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

Cases

*Armstrong v. Bd. of School Dirs. of the City of Milwaukee*,
    616 F.2d 305 (7th Cir. 1980) ................................................................ 4

*Churchill Village, L.L.C. v. General Elec.*,
    361 F.3d 566 (9th Cir. 2004) .............................................................. 10

*Diamond Chem. Co. v. Akzo Nobel Chems. B.V.*,
    205 F.R.D. 33 (D.D.C. 2001).................................................................. 9

*Energy Corp. v. Columbia Gas Transmission Corp.*,
    137 F.R.D. 240 (S.D. Ohio 1991) .......................................................... 3

*Franks v. Kroger Co.*,
    649 F.2d 1216 (6th Cir. 1981) ............................................................... 3

*Gordon v. Hunt*,
    117 F.R.D. 58 (S.D.N.Y. 1987) ............................................................. 9

*Gribble v. Cool Transports Inc.*,
    No. CV 06-04863 GAF (SHx), 2008 WL 5281665 (C.D. Cal. Dec. 15, 2008)......................... 7

*In re Am. Bank Note Holographics, Inc. Sec. Litig.*,
    127 F. Supp. 2d 418 (S.D.N.Y. 2001)................................................... 8

*In re Dun & Bradstreet Credit Services Customer Litig.*,
    130 F.R.D. 366 (S.D. Ohio 1990) ........................................................ 4

*In re Inter Op Hip Prosthesis, Liab. Litig.*,
    204 F.R.D. 330 (N.D. Ohio 2001) ........................................................ 6

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................... 7

*In re Michael Milken & Assocs. Sec. Litig.*,
    150 F.R.D. 57 (S.D.N.Y. 1993) ............................................................ 7

*In re Nasdaq Market-Makers Antitrust Litig.*,
    No. 94 CIV. 3996(RWS), 1997 WL 805062 (S.D.N.Y. Dec. 31, 1997) ................................ 4

*In re Telectronics Pacing Sys., Inc., Accufix Atrial* ........................................................................ 3
   137 F. Supp. 2d 985 (S.D. Ohio 2001)

*Mendoza v. Tucson Sch. Dist. No. 1,*
   623 F.2d 1338 (9th Cir. 1980) ................................................................................................ 10

*Miracle v. Bullitt County, Ky.,*
   No. 05-130-C, 2008 WL 3850477 (W.D. Ky. Aug. 15, 2008) ................................................ 4

*Williams v. Vukovich,*
   720 F.2d 909 (6th Cir.1983) ........................................................................................ 4, 6, 7, 9

Other Authorities

Manual for Complex Litigation
   Section 30.41 (3d ed. 1995) ..................................................................................................... 4

Manual for Complex Litigation
   Section 21.312 (4th ed. 2004) ................................................................................................ 11

4 Herbert Newberg & Alba Conte, *Newberg on Class Actions*
   Section 11.42 (4th ed. 2002) .................................................................................................... 7

Lead Plaintiff Tushar Amin and plaintiffs Kevin Koziatek and Jonathan Wilkof (collectively "plaintiffs") respectfully move the Court, pursuant to Fed. R. Civ. P. 23(e) for an order: (1) preliminarily approving the proposed settlement in this action (the "Settlement") as memorialized in the Stipulation of Settlement (the "Stipulation"); (2) approval of the form and method for giving notice, as provided in the Stipulation of Settlement, which describes, *inter alia*, the pendency of this action, the terms of the proposed Settlement, Class Members' rights with respect thereto, the proposed release of claims, the proposed Plan of Allocation of the Settlement proceeds, the request for an award of attorneys' fees and expenses, and the procedures for submitting Proofs of Claim; and (3) setting the date for a hearing (the "Settlement Hearing") to consider: (i) whether the proposed Settlement provided for in the Stipulation is fair, reasonable and adequate to the Class and should be finally approved by the Court and implemented; and (ii) Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and expenses.

## I.        INTRODUCTION

Plaintiffs submit this memorandum in support of their unopposed motion for preliminary approval of the proposed settlement (the "Motion") of this Litigation on the terms set forth in the Stipulation of Settlement dated February 27, 2013 (the "Stipulation" or the "Settlement"),[1] which is being filed concurrently herewith.  The Settlement provides for the payment of $2,975,000 in cash.  The Settlement is the result of arm's-length negotiations between the parties, with the assistance of mediator William A. Sankbeil.  The Settlement would resolve Plaintiffs' claims against all Defendants.

---

[1] The Stipulation and exhibits are attached as Exhibits to the Motion. All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation.

Plaintiffs now ask this Court to enter the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement (the "Preliminary Approval Order"), to which Defendants consent, which provides for:

1.　　　Preliminary approval of the proposed Settlement;

2.　　　Approval of the form and method for giving notice, as provided in the Stipulation, which describes, *inter alia*, the pendency of this action, the terms of the proposed Settlement, Class Members' rights with respect thereto, the proposed release of claims, the proposed Plan of Allocation of the Settlement proceeds, the request for an award of attorneys' fees and expenses, and the procedures for submitting Proofs of Claim; and

3.　　　Setting the date for a hearing (the "Settlement Hearing") to consider: (i) whether the proposed Settlement provided for in the Stipulation is fair, reasonable and adequate to the Class and should be finally approved by the Court and implemented; and (ii) Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and expenses. [2]

## II.　　HISTORY OF THE LITIGATION

The initial complaint in this action was filed on July 17, 2009.  Plaintiffs subsequently filed a consolidated amended complaint on February 11, 2010 on behalf of persons and entities who purchased or otherwise acquired the securities of Caraco Pharmaceutical Laboratories, Ltd. ("Caraco" or the "Company") between May 29, 2008 and June 25, 2009, inclusive (the "Class Period"), and who were damaged thereby (the "Class").  The complaint names as defendants Caraco, Daniel H. Movens, Dilip Shanghvi, and Sun Pharmaceutical Industries, Ltd.  The Complaint seeks an unspecified amount of damages and asserts claims under Sections 10(b) and 20(a) of the Exchange Act of 1934.

---

[2] Because Defendants consent to the relief requested in this motion, unless the Court requests further briefing, the motion is now fully submitted for the Court's review.

Defendants moved to dismiss, claiming that plaintiffs purportedly failed to sufficiently plead falsity and materiality.  On October 21, 2010, the Court largely denied defendants' motion to dismiss.  On April 15, 2011, plaintiffs filed their motion for class certification.  The parties then conducted extensive discovery related to class certification, including an expert witness deposition, document production, and the preparation of expert reports.   On February 28, 2012, the Court granted plaintiffs' motion and rejected defendants' contentions that class certification was inappropriate.  The parties also engaged in substantial document discovery.

On October 11 and 12, 2012, the parties engaged in a mediation with Willaim A. Sankbeil.  After lengthy settlement negotiations both during and after the mediation, the parties negotiated the specific terms of the Stipulation, which was executed on February 27, 2013.

## III.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving disputes.  This is especially true in complex class actions such as this.  *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981).   "Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *In re Telectronics Pacing Sys., Inc., Accufix Atrial "J" Leads Products Liability Litig.*, 137 F. Supp. 2d 985, 1008 (S.D. Ohio 2001); *see also Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 246 (S.D. Ohio 1991) ("The law generally favors and encourages the settlement of class actions.").

### A.   The Standards for Preliminary Approval

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of claims brought on a class basis.  Under Rule 23(e), there are three steps to a class action settlement: (1) the court must preliminarily approve the proposed settlement; (2) members of the class must then be given notice of the proposed settlement; (3) a hearing must be held,

after which the Court must decide whether the proposed settlement is fair, reasonable and adequate. *In re Dun & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366, 369-70 (S.D. Ohio 1990) (citing *Williams v. Vukovich*, 720 F.2d 909 (6th Cir.1983)).

At this juncture, the parties request only preliminary approval of the Settlement.  As courts considering preliminarily approving class action settlements have stated:

> In considering whether to grant preliminary approval to a class action settlement agreement, courts make a preliminary evaluation of the fairness of the settlement, prior to a hearing on notice. Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval should be granted.

*In re Nasdaq Market-Makers Antitrust Litig.*, No. 94 CIV. 3996(RWS), 1997 WL 805062, at *8 (S.D.N.Y. Dec. 31, 1997) (citing Manual for Complex Litigation (Third) § 30.41, at 237 (1995)); *see also Miracle v. Bullitt County, Ky.*, No. 05-130-C, 2008 WL 3850477, at *5 (W.D. Ky. Aug. 15, 2008) (citations omitted).  Thus, the preliminary approval hearing "is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Armstrong v. Bd. of School Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) (footnote omitted).

Here, Plaintiffs request only that the Court take the first step in this process, granting preliminary approval of the proposed Settlement.  This is warranted because the Settlement, which provides an immediate and substantial benefit of $2,975,000 in cash for distribution to eligible Class members, is certainly beneficial to the Class.  This is particularly true in light of the complexities of this action and the substantial risks of continued litigation, including the risk of Class members receiving no recovery if the action were to continue.  Thus, since the Proposed Settlement meets the criteria for preliminary approval and is well within the range of what might

be approved as fair, reasonable and adequate, Plaintiffs, with Defendants' consent, respectfully request that this Court enter the proposed Preliminary Approval Order.

      **B.**      **The Proposed Settlement Is Fair, Reasonable and Adequate**

            **1.**      **The Proposed Settlement Was Negotiated by Informed, Experienced Counsel Who Were Aware of the Risks of the Litigation**

The Proposed Settlement of $2,975,000 million is well within the range of fairness. The settlement amount constitutes at least 20% of the total damages that plaintiffs' expert preliminarily assessed for the maximum possible artificial inflation during the Class Period. Counsel for Plaintiffs and Defendants, moreover, have extensive experience in securities litigation and reached settlement only after lengthy arm's-length negotiations, and substantial mediations before neutral mediator William A. Sankbeil.

Plaintiffs and their counsel believe that they have conducted a thorough investigation of the claims asserted in the Litigation. Moreover, Plaintiffs' counsel consulted with forensic accountants as well as damages and market finance experts. The Settling Parties have also drafted and submitted confidential mediation statements to the mediator, William A. Sankbeil. Thus, the proposed Settlement was entered into only after Plaintiffs and their counsel conducted a thorough analysis of the legal and factual issues and the risks associated with continued litigation.

Plaintiffs' counsel, who have a great deal of experience in litigating and resolving complex securities class actions, have carefully evaluated the merits of this case and the proposed Settlement. Because this litigation is subject to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, which makes it more difficult for investors to bring and successfully conclude securities class actions, Plaintiffs faced not only the general risks of any litigation, but also the risks that Plaintiffs' claims might not ultimately

survive Defendants' summary judgment attacks regarding, *inter alia*, loss causation, scienter, liability or damages.

Beyond the inherent risks of any litigation, Defendants also asserted various defenses. While Plaintiffs believe that they would ultimately prevail over such defenses, they recognize that the difficulty of establishing liability at trial is significant.  Thus, the proposed Settlement eliminates the risk that Plaintiffs and the Class could receive no recovery.  The continued prosecution of the action would be complex, expensive and lengthy with a more favorable outcome highly uncertain.  The proposed Settlement represents an excellent resolution given the substantial risks of expense and delay of continued litigation, and the maximum potential recovery the Class could have achieved had it prevailed versus the certain and immediate recovery for the Class.

In sum, Plaintiffs were armed with extensive information about the underlying facts and the strengths and weaknesses of the case so as to reasonably assess the potential value of the case and make an intelligent appraisal of the proposed Settlement.  Plaintiffs were able to evaluate the potential risks, benefits and delays of trying the case and dealing with inevitable appeals, and to weigh those considerations against the benefits of the proposed Settlement, with its significant cash payment.  Consequently, Plaintiffs' counsel was able to negotiate the proposed Settlement and to achieve a recovery of $2,975,000, representing a significant recovery for the Class.

**2.  The Proposed Settlement Resulted from Arm's-Length Negotiations and Is Presumed to Be Fair to the Class**

There is an initial presumption that a proposed settlement is fair and reasonable when it is the result of arm's length negotiations.  *Williams*, 720 F.2d at 922-23 ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); *In re Inter-Op Hip Prosthesis, Liab. Litig.*, 204 F.R.D. 330, 351 (N.D. Ohio 2001) ("when a

settlement is the result of extensive negotiations by experienced counsel, the court should presume it is fair"); *see also* 4 Herbert Newberg & Alba Conte, *Newberg on Class Actions* §11.42 at 119 (4th ed. 2002).

Without question, the proposed Settlement is the product of arm's-length negotiations. The proposed Settlement was reached only after extensive investigation, mediation statements were prepared and submitted to the mediator, Willaim A. Sankbeil, and consultation with accounting, damage, and market finance experts.

Based on their familiarity with the factual and legal issues, the parties were able to negotiate the proposed Settlement, taking into account the costs and risks of continued litigation. There was no collusion among the Parties. *See*, *e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).   The negotiations were at all times adversarial and at arm's-length, and produced a result that the parties believe to be in their respective best interests.   Counsel for both sides have extensive experience in securities class action litigation and are thoroughly familiar with the factual and legal issues involved.   The opinion of experienced counsel, as here, supporting the proposed Settlement is entitled to considerable weight. *Williams*, 720 F.2d at 922-23; *see also In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993) (finding that the views of experienced counsel are "entitled to great weight") (citation omitted); *Gribble v. Cool Transports Inc.*, No. CV 06-04863 GAF (SHx), 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.")

### 3.     The Plan of Allocation Is Also Reasonable

The Plan of Allocation for distributing the proceeds of the Net Settlement Fund (after the payment of attorneys' fees, costs of administration, taxes, any payment under 15 U.S.C.

§78u-4(a)(4), and any other court-approved payments) is described at length in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice").  It was devised with the assistance of an experienced damages expert, taking into account the appropriate loss causation issues. Whether a member of the Class has sustained a loss that will entitle the Class Member to recover from the Settlement Fund will depend on the calculation of a "recognized loss" for that member.  The calculation of the "recognized loss" will depend on several factors, including (a) when each Class Member purchased the shares of Caraco, and (b) whether the Class Member sold such shares during or after the Class Period and, if so, when.

The proposed Plan of Allocation is based on Plaintiffs' theory of the case and reflects Plaintiffs' contention that the price of Caraco common stock was artificially inflated by reason of the allegedly false and misleading statements made by Defendants during the Class Period. There is no reason to doubt the fairness of the proposed Plan of Allocation for purposes of preliminary approval.  Even at the final-approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by 'experienced and competent' class counsel."  *In re Am. Bank Note Holographics, Inc. Sec. Litig*., 127 F. Supp. 2d 418, 429-30 (S.D.N.Y. 2001).

In light of the above considerations, the proposed Settlement as a whole falls within the range of possible final approval. The Court should, therefore, grant preliminary approval of the proposed Settlement and direct that notice of the proposed Settlement be given to members of the Class.

**C.      The Proposed Forms and Method of Providing Notice to the Class Are
         Appropriate and Satisfy Fed. R. Civ. P. 23, the PSLRA, and Due Process**

Rule 23(e) governs notice requirements for settlements or "compromises" in class
actions.  The Rule provides that a class action shall not be dismissed or compromised without
the approval of the court, and notice of the proposed dismissal or compromise shall be given to
all members of the class in such manner as the court directs. Fed. R. Civ. P. 23(e).  Here, the
parties propose to mail, by first class mail, individual copies of the Notice and the Proof of
Claim and Release (the "Proof of Claim"), to all Class Members who can be identified with
reasonable effort, as well as to brokerage firms and other nominees who regularly act as
nominees for beneficial purchasers of stock.  In addition, a summary notice (the "Summary
Notice"), will be published in *Investor's Business Daily*, a well known, widely circulated
business-oriented publication, and on a different day, the Summary Notice will be published on
*Globe Newswire*.  The proposed method of giving notice to Class Members is appropriate
because it is calculated to reach the Class Members who can be indentified with reasonable
effort.  *See Williams*, 720 F.2d at 921; *see also Diamond Chem. Co. v. Akzo Nobel Chems.
B.V.*, 205 F.R.D. 33, 34 (D.D.C. 2001); *Gordon v. Hunt*, 117 F.R.D. 58, 63 (S.D.N.Y. 1987)
(combination of mailed and published notice is "long-accepted norm in large class actions").

As required by Fed. R. Civ. P. 23(c)(2), the Notice will inform Class Members of the
claims alleged in the action, the terms of the Proposed Settlement and their rights as Class
Members to opt out or object to the Settlement, or otherwise object to the Plan of Allocation
and/or the proposed attorneys' fees and expenses.  Additionally, the Notice provides the specifics
on the date, time and place of the Settlement Hearing, and the deadlines and procedures for
submitting objections to and requests for exclusion from the Settlement.  Moreover, the Notice
contained information regarding counsel's Fee and Expense Application and the proposed Pan of

Allocation for the Settlement proceeds to Class Members, including the estimated amount per share Class Members will receive from the Settlement.  Thus, the Notice provides all information required and necessary for Class Members to make an informed decision on the merits of the Settlement and be advised of their option with respect to the Settlement.  *See, e.g., Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"), *quoting Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980).

Since the parties have carefully drafted the notice provisions of the proposed Settlement to provide the best notice practicable to the Class, Plaintiffs respectfully submit that the Notice (based in part on the illustrative notice of proposed class action certification and settlement developed by the Federal Judicial Center at the request of the Subcommittee on Class Actions of the U.S. Judicial Branch's Advisory Committee on the Federal Rules of Civil Procedure) and the Summary Notice, are adequate.

Plaintiffs also respectfully request the appointment of the Garden City Group, Inc., an experienced and diligent administrator, as Claims Administrator.  As Claims Administrator, the Garden City Group, Inc. ("GCG") will be responsible for, among other things, mailing the notices to the Class, reviewing claims from Class Members, claims administration, and compiling a distribution schedule to Class Members.

This proposed notice procedure takes into account the identity and location of the Class Members and specifies the most practicable method of providing notice to them.  The traditional methods of providing notice proposed in this case are precisely those recognized as

10

reasonably calculated to notify class members of a proposed settlement.  *See* Manual for Complex Litigation (Fourth) §21.312, at 294 (2004).

## IV.  PROPOSED SETTLEMENT SCHEDULE

The Court's entry of the proposed Preliminary Approval Order would, among other things, (i) direct notice of the Proposed Settlement to all members of the Class; and (ii) schedule the Settlement Hearing to consider whether the proposed Settlement should be approved as being fair, reasonable and adequate.  As such, the Preliminary Approval Order sets a proposed schedule for mailing and publication of the Notice and Summary Notice, and deadlines for submitting claims and/or objecting to the Proposed Settlement or opting out of the Class.

Plaintiffs recommend the schedule set forth below.  Defendants agree to the proposed schedule setting the Settlement Hearing a minimum of 100 days after the granting of the Preliminary Approval Order.  The parties also agree to the schedule for the other dates, as provided for in the proposed Preliminary Approval Order, which were negotiated among the parties.

| | |
|---|---|
| Notice Mailed to Class Members | 20 business days after entry of the order preliminarily approving the settlement |
| Summary Notice published | 30 business days after entry of the order preliminarily approving the settlement |
| Settlement Hearing | To be determined by the Court, Plaintiffs propose the hearing be set a minimum of 100 days after the order preliminarily approving the settlement |

| | |
|---|---|
| Deadline for Plaintiffs to file papers in support of final approval and application for fees and expenses. | 35 days prior to the Settlement Hearing |
| Deadline for requesting exclusion from the Settlement | 28 days prior to the Settlement Hearing |
| Deadline for Plaintiffs to file papers in further support of final approval and application for fees and expenses. | 35 days prior to the Settlement Hearing |
| Deadline for submitting Proof of Claim forms | 120 days from the Notice Date |

## V.    CONCLUSION

Plaintiffs respectfully request that the Court enter the Preliminary Approval Order, to which Defendants have consented, and to direct the Notice be distributed to the members of the Class.

Dated: February 28, 2013          GLANCY BINKOW & GOLDBERG LLP

By: *s/ Ex Kano S. Sams II*
Lionel Z. Glancy
Peter A. Binkow
Ex Kano S. Sams II
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

THE MILLER LAW FIRM, P.C.
E. Powell Miller
Christopher D. Kaye
Marc L. Newman
Courtney B. Ciullo
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852

*Lead Counsel and Class Counsel*

KENDALL LAW GROUP LLP
Joe Kendall
Jamie McKey
3232 McKinney, Suite 700
Dallas, TX 75204
Telephone: (214) 744-3000
Facsimile: (214) 744-3015

*Additional Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Ex Kano S. Sams II, certify that on February 28, 2013, I electronically filed the following document with the Clerk of the Court using the ECF system which will send notification of such filing to the parties listed on the attached Court's ECF Service List: PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT.  There are no known non-ECF participants.

**See Attached Service List.**

**GLANCY BINKOW & GOLDBERG LLP**

*/s/ Ex Kano S. Sams II*
Ex Kano S. Sams II
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Email:  esams@glancylaw.com

# Mailing Information for a Case 2:09-cv-12830-AJT-DAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter A. Binkow**
  pbinkow@glancylaw.com

- **Courtney B. Ciullo**
  cbc@millerlawpc.com

- **Margaret A. Goetze - NOT SWORN**
  mgoetze@briggs.com,dburrell@briggs.com

- **E. Powell Miller**
  epm@millerlawpc.com,aad@millerlawpc.com,ach@millerlawpc.com

- **Marc L. Newman**
  mln@millerlawpc.com,ach@millerlawpc.com,asl@millerlawpc.com

- **Ex Kano S Sams - NOT SWORN , II**
  esams@glancylaw.com

- **Frank A. Taylor**
  ftaylor@briggs.com,mgoetze@briggs.com

- **S. Thomas Wienner**
  twienner@wiennergould.com,jtibbs@wiennergould.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`